Anne HILTNER, Plaintiff, Appellant,

v.

SIMON AND SCHUSTER, INC., et al., Defendants, Appellees.

No. 01–2231.

United States Court of Appeals, First Circuit.

April 5, 2002.

Anne Hiltner, on brief pro se.

Peter Herbert, Milissa Mather, Lankler, Siffert & Wohl, Warren M. Silver, Karen D. Kemble and The Silver Law Firm, on brief for appellees Simon & Schuster, Inc., and Stephen R. King.

Robert H. Stier, Jr., and Pierce Atwood, on brief for appellee Glassbook, Inc.

Before TORRUELLA, Circuit Judge, CAMPBELL and CYR, Senior Circuit Judges.

PER CURIAM.

Appellant Anne Hiltner sued Stephen King, Simon & Schuster, and Glassbook, Inc., alleging that *Riding the Bullet*, a novella written by Stephen King and published on the Internet, was copied from an unpublished manuscript entitled *Robert Adams*. This manuscript was authored by appellant's late brother, and appellant apparently has an ownership interest in the copyright for this work. Appellant also asserts that certain events described in *Riding the Bullet* are based directly on the actual hospitalization and emergency surgery of appellant's mother. Based on the foregoing, appellant claimed copyright infringement and invasion of privacy. These

claims fail, as a matter of law, for the following reasons.

1. *Copyright Infringement.* It is plain from a review of both works that they are not "substantially similar." *See* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[B], at 13–8 to 13–9 (2001) (to state an actionable copyright claim, a plaintiff must show that "the defendant's work is substantially similar to [the] work [in question] such that liability may attach"). In particular, neither the sequence of events nor the development of the characters in *Robert Adams* have been replicated in *Riding the Bullet. See id.* § 13.03[A][1][b], at 13–32. Further, and despite appellant's allegations to the contrary, she has failed to identify *any* matter in *Riding the Bullet* which was quoted directly from *Robert Adams. See id.* § 13.03[A][2], at 13–45. Appellant therefore has no copyright claim.

2. *Invasion of Privacy.* A tort action for the following four kinds of conduct may be brought as a claim for invasion of privacy: (1) "unreasonable intrusion upon the seclusion of another"; (2) "appropriation of the other's name or likeness"; (3) "unreasonable publicity given to the other's private life"; and (4) "publicity that unreasonably places the other in a false light before the public." *See Nelson v. Maine Times,* 373 A.2d 1221, 1223 (Me.1977) (quoting the *Restatement (Second) of Torts* § 652A (1977); internal quotation marks omitted). However, "[e]xcept for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained *only by a living individual whose privacy is invaded." Id.* at 1225 (quoting *Restatement (Second) of Torts* § 652I; internal quotation marks omitted and emphasis added). Appellant has failed to demonstrate a claim for any of the above.

First, her allegation that she has been under surveillance for years is completely conclusory and is not supported by specific facts. Second, because neither she nor her mother possibly could be identified from anything in *Riding the Bullet,* the defendants have not engaged in any misappropriation of name or likeness. Finally, there is absolutely no evidence that anything in *Riding the Bullet* concerns appellant's private life nor places appellant in a false light. That is, appellant has not shown that anything in the novella pertains to her.

*Affirmed.* Appellant's motion to hold this appeal in abeyance until the University of Maine and the Maine Division of Mental Health file briefs is *denied* as moot.